IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Steve Jolly, ) | C/A No.: 1:10-1159-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Phillip Thompson, Tom Fox, Nurse ) | |
| Hipp, Officer Updegraff, Major Johnson, ) | |
| Nurse Connie, and Capt. Stafford, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Robert Steve Jolly is a pro se inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's motions for a temporary restraining order [Entry #16, #36] in which he requests the court order that he be given a specific medicine to treat his alleged vertigo and that defendant Nurse Hipp no longer treat him. Plaintiff's motions are based on allegations that Hipp refused to give him medication in retaliation for his having filed a lawsuit against her. Plaintiff requests that his medications "be restored" and that he be taken to an "outside doctor." All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions for temporary restraining orders are dispositive, this report and recommendation is entered for consideration by the district judge. See 42 U.S.C. 636 (b)(1)(A).

As an initial matter, "[p]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir.

2001). *See also Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, at *1 (N.D.Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

A petitioner seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1] A petitioner must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 129 S.Ct. at 376; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 129 S.Ct. at 374–76; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the petitioner's favor. *See Real Truth*, 575 F.3d at

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, — U.S. —, 130 S.Ct. 876 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Federal Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

346–47.[2]  Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 129 S.Ct. at 376–77).

By statute, the Prison Litigation Reform Act grants courts the authority to enter a temporary restraining order or an order for preliminary injunctive relief in civil actions concerning prison conditions. However,

> [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief. Preliminary relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

18 U.S.C. § 3626(a)(2).

Traditionally, preliminary injunctions are sought to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit, ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003). Mandatory preliminary injunctions, in comparison, compel action. The Fourth Circuit explained:

---

[2] Based on *Winter*, the *Real Truth* Court expressly rejected and overruled the sliding scale approach in *Blackwelder* that formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 129 S.Ct. at 375–76.

> "Mandatory preliminary injunctions [generally] do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). That is to say, a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind.

*Id.* at 526.

After reviewing the record in this case, the court finds that Plaintiff has not demonstrated a clear likelihood of success on the merits or that he is likely to be irreparably harmed absent injunctive relief. Although the Constitution requires that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice. *Jackson v. Fair*, 846 F. 2d 811, 817 (1st Cir. 1988). Although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994). Further, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F. 2d 112 (10th Cir. 1976); *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D.Kan. 1986). Mistakes of medical judgment are not subject to judicial review in a § 1983 action. *Russell v. Sheffer*, 528 F. 2d 318, 319 (4th Cir. 1975).

Plaintiff also fails to demonstrate he will be irreparably harmed in the absence of relief, as he again submits no evidence to support his allegations. Although Plaintiff alleges he is unable to eat if he does not receive his vertigo medication, he provides no documentation, in the form of medical records or otherwise, for this claim. In sum, the

record reflects little support for Plaintiff's alleged harm, much less the irreparable harm required for an injunction. Plaintiff's vague and conclusory statements are simply insufficient to warrant the extraordinary remedy of injunctive relief.

For these reasons, it is recommended that Plaintiff's motions for a temporary restraining order [Entry #16, #36[3]] be denied.

IT IS SO RECOMMENDED.

January 28, 2011                                   Shiva V. Hodges
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[3] Plaintiff also moves for a hearing in Entry #36. It is also recommended that the motion for a hearing be denied.